(No. 18058.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRED M. RAVENSCROFT, Plaintiff in Error.

*Opinion filed April 20, 1927.*

1. CRIMINAL LAW—*instruction as to testimony of absent witness in affidavit for continuance should conform to statute.* Where the alleged testimony of an absent witness is read to the jury from an affidavit for continuance, as provided in paragraph 738 of the Criminal Code, (Smith's Stat. 1925, p. 731,) the court, in instructing the jury as to such testimony or in modifying an instruction, should make it accord with the statute.

2. SAME—*when instruction as to circumstantial evidence is erroneous.* The giving of an instruction that circumstantial evidence is legal evidence and may be sufficient to convict is erroneous where there is no circumstantial evidence in the case.

WRIT OF ERROR to the City Court of Beardstown; the Hon. H. G. RUSSEL, Judge, presiding.

JOHN I. MAGILL, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, and MYRON MILLS, State's Attorney, for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error was indicted, tried and convicted in the city court of Beardstown, Cass county, of the crime of rape of Dorothy Hardy, an unmarried female fourteen years of age, and he was sentenced to be imprisoned in the penitentiary for the term of one year.

The prosecuting witness, Dorothy Hardy, about October 1, 1924, went to work at the home of plaintiff in error, who was then an unmarried man about fifty-eight years of age, residing in Beardstown, and she continued to reside there the greater portion of the time until December 30, 1925. It was during this time the acts complained of are alleged to have been committed, prosecutrix testifying to several acts, the last of which was the latter part of October or first of November, 1925. Plaintiff in error testified that he had never had any acts of intimacy with her. Her father, who resided with plaintiff in error during all the time she was there, testified that he never saw anything improper in the conduct of plaintiff in error toward her. The testimony shows that prosecutrix was disobedient and went out nights when forbidden and went with improper people. About December 30, 1925, she left and went to Hammond to work. She returned and went to plaintiff in error's to get her clothes and they were refused her. She then went to the State's attorney to see about getting them. He asked her with reference to her having improper relations with plaintiff in error, and she told him "there wasn't anything to it." She testified that she again went for her clothes, and on being again refused returned to the State's attorney, and then for the first time told of this charge against plaintiff in error and signed a complaint for his arrest on that charge.

Three witnesses who had known Dorothy Hardy for several years, testified that they knew her general reputation for truth and veracity to be bad and that they would not believe her under oath. Mrs. Zara Hacker testified that she had talked with Dorothy about the case right after the offense was supposed to have occurred, and Dorothy said plaintiff in error never said anything out of the way or bothered her; that she wanted to be free and wanted to put him in jail so that she could go where she pleased and go when she pleased and have a good time; that Dorothy

would go away and be gone all night and come home the next morning.  Della Lambert testified that after the preliminary hearing was over, Dorothy told her that she had plaintiff in error and her father arrested for the reason that "they wouldn't let her run around with fellows, and that she had a date that night with a fellow and that was the reason she had them arrested that day;" that Dorothy told her that plaintiff in error never had any intercourse or anything with her in any shape or form.

Plaintiff in error filed an affidavit for continuance, stating that Ray Eckles, a material witness, was absent and could not be found after due search; that if present he would testify to a conversation had by him with the prosecuting witness wherein she told him that she had never had sexual intercourse with plaintiff in error.  The motion for continuance was overruled, it being agreed by the attorneys that the affidavit for continuance should be admitted in evidence.

In *Stevens* v. *People,* 158 Ill. 111, it is said:  "Ordinarily the accused and the prosecutrix are the only parties who have any actual knowledge of the facts, where the crime charged is rape or an attempt to commit rape.  The conviction, in most cases, is brought about by the testimony of the woman, alone.  Long ago it was said by Lord Hale in regard to the charge of such a crime, 'that it is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though ever so innocent.' (1 Hale, 635.)  Accordingly, the testimony of the prosecuting witness must be scrutinized with caution, and, where the defendant denies the crime, her evidence should be corroborated."  Prosecutrix is not corroborated in any degree.

Plaintiff in error requested the court to give the following instruction:

"The court instructs the jury that it is their duty to consider as part of the evidence in this case, the testimony

of the absent witness, which has been read to you from the affidavit introduced in this case and you are to give the same weight to this testimony as if the absent witness was present and testified to the facts contained in the statement. The same rule applies to this testimony as applies to the testimony given in your presence."

The court amended this instruction by adding the words, "You are to judge its credibility," and gave it as amended. The amendment of this instruction is assigned as error. Neither the agreement by the attorneys that the affidavit for continuance should be admitted in evidence nor the instruction as offered was in strict accord with the provisions of paragraph 738 of the Criminal Code as found in Smith's Statutes of 1925, by virtue of which the affidavit was admitted in evidence. When the court modified the instruction he should have modified it to make it accord with that paragraph.

The court, at the request of the prosecution, gave to the jury an instruction that as a matter of law circumstantial evidence is competent, legal evidence, and that if the minds of the jury were convinced of the truth of the charge of the indictment in this case beyond a reasonable doubt, from the facts and circumstances in proof, this was sufficient to authorize a conviction. The only material controverted question was, did sexual intercourse occur between the prosecutrix and plaintiff in error in the room in his house? There is no evidence whatever tending to show that coition actually took place in that room save the direct and positive evidence of prosecutrix. There was no circumstantial evidence on the subject. As there was no evidence on which to base an instruction as to circumstantial evidence, the giving of this instruction was tantamount to telling the jury that there was circumstantial evidence in the case sufficient to warrant a conviction, and under the circumstances of this case it was erroneous. *Kevern v. People,* 224 Ill. 170; *People v. Braidman,* 323 id. 37.

The evidence in this case is so conflicting and the prosecutrix is impeached to such an extent that we cannot say and feel that we have such an abiding conviction of plaintiff in error's guilt, beyond a reasonable doubt, as to be satisfied that he could not have been prejudiced by the court's action as to these instructions.

The judgment of the city court of Beardstown must therefore be reversed and the cause remanded to that court.

*Reversed and remanded.*